# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW JOSEPH ALVAREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>EATON, *et al.*,<br><br>  Defendants. | Case No.  1:20-cv-01622-FRS (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME<br><br>(ECF No. 21)<br><br>**Deadline: March 16, 2026** |

Plaintiff Matthew Joseph Alvarez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 15, 2026, the Court screened the second amended complaint and granted Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty days.  (ECF No. 20.)

Currently before the Court is Plaintiff's motion for a thirty-day extension of time to file his third amended complaint, filed January 26, 2026.  (ECF No. 21.)  Plaintiff states that he is proceeding pro se and has limited knowledge of the law.  Therefore, he requests an extension until March 16, 2026 to file his third amended complaint.  (*Id.*)

Having considered the request, Plaintiff has shown good cause for the requested extension of time.  Fed. R. Civ. P. 6(b).

Plaintiff is reminded that his third amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true,

1

the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Any amended complaint shall be **limited to twenty (20) pages in length**, excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  **Plaintiff's amended complaint shall be limited to properly joined claims related to the confiscation of Plaintiff's mail on January 18, 2019.**  Plaintiff may not join unrelated claims.  **If Plaintiff's amended complaint continues to improperly join claims and defendants, the Court will choose which cognizable claims, if any, that Plaintiff may pursue.**

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time, (ECF No. 21), is GRANTED;

2. On or before **March 16, 2026**, Plaintiff shall file a third amended complaint, **limited to properly joined claims related to the confiscation of Plaintiff's mail on January 18, 2019 and limited to twenty (20) pages in length**, excluding exhibits, curing the deficiencies identified by the Court's January 15, 2026 screening order (or file a notice of voluntary dismissal); and

3. **If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **January 27, 2026**          /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE

2