UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MATTHEW JOSEPH ALVAREZ, | Case No. 1:20-cv-01622-FJS (PC) |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| EATON, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS (ECF No. 23) |
| Defendants. | |
| | FOURTEEN (14) DAY DEADLINE |

Plaintiff Matthew Joseph Alvarez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's third amended complaint is currently before the court for screening. (ECF No. 23.)

I.    SCREENING REQUIREMENT AND STANDARD

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    PLAINTIFF'S ALLEGATIONS

Plaintiff is currently housed at San Quentin Rehabilitation Center in San Quentin, California.  The events alleged in the second amended complaint occurred while Plaintiff was housed at the Sierra Conservation Center ("SCC") in Jamestown, California.  Plaintiff names as primary defendants: (1) B. Klein, Correctional Officer; and (2) P.J. Smith, Correctional Officer, both in their individual and official capacities. Plaintiff further names "supervisory personnel to the extent they exercised supervisory, review, or policy authority related to the January 18, 2019, events and the immediate administrative responses:" (1) P. Eaton, Warden; (2) L. Bird, Chief Deputy Warden; (3) S. Smith, Chief Deputy Warden; (4) T. Allen, Chief Deputy Warden; (5) J. Harris, Associate Warden; (6) T. Williams, Appeals Coordinator; (7) R. Varney, Correctional Lieutenant; (8) S. Hinshaw, Correctional Lieutenant; and (9) T. Giannini, Correctional Sergeant.

Plaintiff alleges as follows:

Plaintiff exhausted his administrative remedies with respect to all claims and defendants, and exhausted his available administrative remedies with California's Government Claims Act, claim number 200001867.

On January 18, 2019, an incoming, non-legal article of mail addressed to Plaintiff was received at SCC and recorded in the facility mail log as originating from "Leopold Peters, PO

Box 160, Yonkers, NY." To Plaintiff's knowledge, the correspondence contained neither legal material nor contraband. On that same date, Defendant B. Klein seized the incoming article and refused to deliver it to Plaintiff. Plaintiff was not provided contemporaneous written notice of withholding and no administrative justification for permanent retention was communicated.

Contemporaneous with the confiscation, Defendant Klein requested that Defendant P.J. Smith search Plaintiff's cell and "collect [the plaintiff's] paperwork and photographs," as memorialized in Incident Report SCC-FACC-19-09-0316. Defendants Smith and S. Boyett executed a cell search that same day and seized multiple items of Plaintiff's incoming mail and personal photographs. Plaintiff received no prior notice of the withholding and was not afforded the statutorily or administratively required two-level review prior to or contemporaneous with the seizure.

Immediately following the search, Defendant Smith summoned Plaintiff to a custody office, forcibly securing the self-locking door to prevent egress, and subjected Plaintiff to a vociferous confrontation concerning the content of his mail; during that encounter Defendant Smith threatened physical violence; stating words to the effect of, "I should beat the shit out of you, and I'd probably get away with it," while non-party Correctional Officer Boyett remained present and non-party Correctional Officer Z. Deckard observed from the control tower.

The initial confiscation by Defendant Klein directly precipitated the request for and execution of the January 18, 2019, cell search by Defendant Smith. The custody-office confrontation and threats were contemporaneous responses to the content and seizure of Plaintiff's mail, and together these acts constitute a single, continuous series of events commencing with the January 18, 2019, mail receipt and confiscation. In the ensuing weeks and months, Plaintiff endured additional adverse actions that were motivated by and flowed from the January 18, 2019, incident, including further cell searches and property seizures temporally proximate to the initial search; issuance of Rules Violation Reports and disciplinary measures that referenced or relied upon items seized during the January 18, 2019, search; and continued withholding of incoming articles of mail logged on or about January 18, 2019. These subsequent

measures were not independent or isolated occurrences but were causally connected to and reasonably traceable to the original confiscation and search.

The confiscation, searches, threats, and cascades of connected adverse actions caused Plaintiff quantifiable loss of property, inflicted emotional distress, and produced a demonstrable chilling effect on Plaintiff's exercise of First Amendment rights to receive and engage with non-contraband correspondence.

Based on the above facts, Plaintiff alleges the following causes of action:

1.  Claim One: First Amendment Right to Receive Mail against Defendant B. Klein

2.  Claim Two: Fourteenth Amendment Due Process Notice for Withheld Mail against Defendant B. Klein

3.  Claim Three: First Amendment Retaliation against Defendants B. Klein and P.J. Smith

4.  Claim Four: Bane Act Violation by Threats and Intimidation against Defendant P.J. Smith

5.  Claim Five: First Amendment Chilling Effect and Related § 1983 Claim against Defendants B. Klein and P.J. Smith

Plaintiff requests declaratory relief, injunctive relief, monetary damages, costs and fees, and any other relief the court deems just and proper.

III.   DISCUSSION

A.   Federal Rule of Civil Procedure 8

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but with respect to "additional adverse actions that were motivated by and flowed from the January 18, 2019, incident" and "subsequent measures . . . causally connected to and reasonably traceable to the original confiscation and search," it is not a plain statement of his claims showing that he is entitled to relief. (ECF No. 23, p. 4.) Plaintiff's allegations as to these "additional adverse actions" and "subsequent measures" are conclusory and do not state what happened, when it happened, or who was involved. Plaintiff may not merely state that he suffered later adverse actions that produced a chilling effect on his rights without providing any factual allegations to support his claims.

B.    Linkage Requirement and Supervisory Liability

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation plaintiff allegedly suffered. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

Plaintiff's third amended complaint purports to name a number of supervisory personnel as defendants, "to the extent they exercised supervisory, review, or policy authority related to the January 18, 2019, events and the immediate administrative responses[.]" (ECF No. 23, p. 2.) Insofar as Plaintiff is attempting to sue any defendant, based solely upon his or her supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has not alleged that any of the "supervisory personnel" defendants personally or directly participated in any of the alleged violations, nor has he identified any particular policies implemented or administrative responses related to the alleged violations of his rights. Plaintiff therefore fails to allege any actual connection or link between the actions or inactions of any supervisory defendant and the deprivation Plaintiff allegedly suffered.

C.    Federal Rules of Civil Procedure 18 and 20

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement

6

refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. To the extent Plaintiff purports to raise claims related to "additional adverse actions" and "subsequent measures" that occurred after the events of January 18, 2019, the allegations in the third amended complaint are too vague and conclusory for the court to determine whether they arise out of the same transaction or occurrence, or series of transactions and occurrences, or if there are common questions of law and fact. Plaintiff's conclusory statements that these subsequent events "were not independent or isolated occurrences but were causally connected to and reasonably traceable to the original confiscation and search" are insufficient to make the necessary showing pursuant to Federal Rules of Civil Procedure 18 and 20.

D.    First Amendment

1.    *Right to Receive Mail*

Generally, prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). But there must be a "delicate balance" between prisoners' First Amendment rights and the discretion given to prison administrators to govern the order and security of the prison. *Thornburgh v. Abbott*, 490 U.S. 401, 407–08 (1989). A prison may adopt regulations or practices for incoming mail which impinge on prisoners' First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). Nonetheless, isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of plaintiff's constitutional rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay or isolated incident of delay of mail does not violate a prisoner's First Amendment rights); *see also Davis v. Goord*, 320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state claim).

Here, Plaintiff alleges only an isolated incident of a single article of mail being withheld on January 18, 2019. This is insufficient to state a cognizable claim under the First Amendment.

7

As discussed above, to the extent Plaintiff alleges continued withholding of incoming articles of mail after January 18, 2019, the third amended complaint does not provide sufficient factual allegations regarding those other incidents to support a cognizable claim pursuant to Federal Rule of Civil Procedure 8.

### 2. *Retaliation*

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114–15 (9th Cir. 2012).

Adverse action taken against a prisoner "need not be an independent constitutional violation. The mere threat of harm can be an adverse action." *Watison*, 668 F.3d at 1114 (internal citations omitted). A causal connection between the adverse action and the protected conduct can be alleged by an allegation of a chronology of events from which retaliation can be inferred. *Id.* The filing of grievances and the pursuit of civil rights litigation against prison officials are both protected activities. *Rhodes*, 408 F.3d at 567–68. The plaintiff must allege either a chilling effect on future First Amendment activities, or that he suffered some other harm that is "more than minimal." *Watison*, 668 F.3d at 1114. A plaintiff successfully pleads that the action did not reasonably advance a legitimate correctional goal by alleging, in addition to a retaliatory motive, that the defendant's actions were "arbitrary and capricious" or that they were "unnecessary to the maintenance of order in the institution." *Id.*

Plaintiff alleges that after the seizure of his mail on January 18, 2019, Defendant Klein requested that Defendant Smith conduct a retaliatory search of Plaintiff's cell and Defendant Smith later engaged in a confrontation with Plaintiff in a custody office regarding the content of

his mail. Plaintiff alleges these events produced a chilling effect on Plaintiff's exercise of his First Amendment rights to receive and engage with non-contraband correspondence. At the pleading stage, Plaintiff states a cognizable claim against Defendant Klein and Smith for retaliation in violation of the First Amendment.

E.      Fourteenth Amendment – Withholding Mail

"It is undisputed that 'withhold[ing] delivery of [inmate mail] must be accompanied by minimum procedural safeguards.'" *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002) (alterations in original) (quoting *Procunier v. Martinez*, 416 U.S. 396, 417–18 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401, 413–14 (1989)); *Krug v. Lutz*, 329 F.3d 692, 697 (9th Cir. 2003) ("The Supreme Court has held that '[t]he interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified of necessity by the circumstance of imprisonment.'") (alteration in original) (quoting *Martinez*, 416 U.S. at 417–18). "Specifically, an inmate 'has a Fourteenth Amendment due process liberty interest in receiving notice that his incoming mail is being withheld by prison authorities.'" *Sorrels*, 290 F.3d at 972 (quoting *Frost v. Symington*, 197 F.3d 348, 353 (9th Cir. 1999)). But "[o]nly if the failure to provide notice was pursuant to prison policy does this constitute a due process violation actionable under § 1983." *Id.* Further, the Ninth Circuit has found that an inmate has a right to a two-level review, that is, the right to appeal the decision to withhold the mail to someone other than the person who made the decision to withhold the mail. *Krug*, 329 F.3d at 697–98.

Plaintiff alleges that Defendant Klein seized an incoming article of Plaintiff's mail on January 18, 2019, did not provide contemporaneous written notice of withholding, and did not communicate an administrative justification for permanent retention. At the pleading stage, Plaintiff states a cognizable claim against Defendant Klein for withholding delivery of mail in violation of the Fourteenth Amendment.

F.        State Law Claims – Bane Act

California Civil Code section 52.1, known as the Bane Act, authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." *Jones v. Kmart Corp.*, 949 P.2d 941, 942 (1998). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Id.* at 944. The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law. *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 472 (Cal. Ct. App. 2007) (quotation marks omitted).

In addition, California's Government Claims Act[1] requires that a claim against the State[2] or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Super. Ct. of Kings Cty. (Bodde)*, 32 Cal. 4th 1234, 1245 (Cal. 2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public entity or employee, a plaintiff must allege compliance with the Government Claims Act. *Bodde*, 32 Cal. 4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff has alleged compliance with the Government Claims Act pursuant to claim number 2000001867. (ECF No. 23, p. 3.)

---

[1] This Act was formerly known as the California Tort Claims Act. *City of Stockton v. Super. Ct.*, 42 Cal. 4th 730, 741–42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

[2] "'State' means the State and any office, officer, department, division, bureau, board, commission or agency of the State claims against which are paid by warrants drawn by the Controller." Cal. Gov't Code § 900.6.

10

Plaintiff further alleges that Defendant Smith locked him in a custody office with other officers and yelled at him concerning the content of his mail, and during that confrontation stated words to the effect of, "I should beat the shit out of you, and I'd probably get away with it." (ECF No. 23, pp. 3–4.) Plaintiff asserts that "[t]hese threats and the confinement were intended to intimidate and coerce Plaintiff and interfered with Plaintiff's exercise of constitutional rights." (*Id.* at 7.) At the pleading stage, Plaintiff states a cognizable claim against Defendant Smith for violation of the Bane Act.

G.     Declaratory Relief

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Vill.*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

H.     Injunctive Relief

Insofar as Plaintiff seeks injunctive relief, any such request is now moot.  Plaintiff is no longer housed at Sierra Conservation Center, where he alleges the incident at issue occurred. Therefore, any injunctive relief he seeks against the officials at Sierra Conservation Center is moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

## IV.    CONCLUSION AND RECOMMENDATION

Based on the above, the court finds that Plaintiff's third amended complaint states cognizable claims against Defendants Klein and Smith for retaliation in violation of the First Amendment, against Defendant Klein for withholding Plaintiff's mail in violation of the Due Process Clause of the Fourteenth Amendment, and against Defendant Smith for violation of the Bane Act. Plaintiff's third amended complaint fails to state any other cognizable claims for relief against any other defendants.

Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint by amendment, and thus further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's third amended complaint, filed March 9, 2026, (ECF No. 23), against:

    a.  Defendants Klein and Smith for retaliation in violation of the First Amendment; and

    b.  Defendant Klein for withholding Plaintiff's mail in violation of the Due Process Clause of the Fourteenth Amendment;

    c.  Defendant Smith for violation of the Bane Act; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Objections, if any, shall not exceed fifteen

(15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may not be considered. The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 5, 2026**

_____
UNITED STATES MAGISTRATE JUDGE